1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   JOHNEL M. BAILEY,                     No. C-00-1865 MMC

11              Petitioner,               **ORDER DENYING PETITIONER'S**
                                          **MOTION FOR LEAVE TO AMEND**
12     v.                                 **PETITION AND/OR FOR ABEYANCE OF**
                                          **PROCEEDINGS**
13   ANNE M. RAMIREZ, Warden,
                                          (Docket No. 82)
14              Respondent
15   _____/
16
          Before the Court is petitioner Johnel M. Bailey's motion, filed December 23, 2005,
17
     for leave to file an amended petition for a writ of habeas corpus, and for an order staying
18
     the instant action to allow exhaustion of previously unexhausted claims in state court.
19
     Respondent Anne M. Ramirez has filed opposition to the motion, to which petitioner has
20
     filed a reply.  Having considered the papers filed in support of and in opposition to the
21
     motion, the Court rules as follows.
22
                                   **BACKGROUND**
23
          In 1996, petitioner was convicted of second degree murder with use of a firearm and
24
     sentenced to 19 years to life.  (See Amended Petition at 2.)  In 1997, the California Court of
25
     Appeal affirmed petitioner's conviction and the California Supreme Court subsequently
26
     denied review.  (See id. at 3.)  Thereafter, petitioner filed four habeas petitions in state
27
     court.  See Bailey v. Ramirez, 25 Fed. Appx. 661, 662 (9th Cir. 2002).  The California
28
     Supreme Court denied the last of petitioner's four state habeas petitions in 2000.  (See

United States District Court

For the Northern District of California

1   Amended Petition at 5.)

2          On May 24, 2000, petitioner filed a petition for a writ of habeas corpus in federal

3   court.  On December 21, 2000, the Court dismissed the petition as untimely.  On appeal,

4   the Ninth Circuit reversed, based on intervening case law, and remanded the matter for

5   further proceedings.  See Bailey v. Ramirez, 25 Fed. Appx. at 662.

6          On November 12, 2002, petitioner filed an amended petition, and, on June 17, 2003,

7   the Court issued an order to show cause.  Respondent filed an answer to the amended

8   petition on September 12, 2003, to which petitioner filed a traverse on December 29, 2003.

9   Thereafter, petitioner obtained counsel, and the Court granted petitioner's motion to stay

10  further proceedings until September 15, 2005, to afford counsel time to review the

11  transcript of petitioner's trial and to determine whether to seek to amend the petition and/or

12  traverse.

13         On December 23, 2005, petitioner filed the instant motion for leave to amend his

14  petition to add new claims of instructional error, and to delete "several" unspecified "issues

15  raised in the petition which [he] believe[s] will not succeed."  (See Motion at 2.)  Petitioner

16  further seeks an order staying the instant action so that petitioner may return to state court

17  to exhaust the new claims he seeks to include in his amended petition.  Respondent

18  opposes the motion on the ground the new claims are time-barred.

19                                   **LEGAL STANDARDS**

20         **A. Amendment**

21         Rule 15 of the Federal Rules of Civil Procedure governs amendments to civil

22  pleadings and is applicable to habeas proceedings.  See Mayle v. Felix, 125 S. Ct. 2562,

23  2569 (2005).  Where, as here, a responsive pleading has been filed, a party may amend its

24  pleading only by leave of court or by written consent of the adverse party.  See Fed. R Civ.

25  P. 15(a).  Leave to amend "shall be freely given when justice so requires."  See id.

26         **B.  Limitations Period**

27         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

28  one-year limitations period on petitions for writs of habeas corpus filed by state prisoners.

                                              2

<u>See</u> 28 U.S.C. § 2244(d)(1).  In particular, AEDPA provides that a state prisoner must file a petition for a writ of habeas corpus within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  <u>See id</u>.  The statute of limitations is tolled during the pendency of applications for state post-conviction or other collateral review.  <u>See</u> 28 U.S.C. § 2244(d)(2).  The limitations period is not tolled, however, while a petition for a writ of habeas corpus is pending in federal court.  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 180-81 (2001).

### C.  Relation Back

Amendments to a pleading made after the statute of limitations has run relate back to the date of the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  <u>See</u> Fed. R. Civ. P 15(c)(2).  The Supreme Court has rejected the contention that amendments to a habeas petition relate back to the date of the original petition solely because the new claim stems from the habeas petitioner's trial, conviction, or sentence.  <u>See</u> <u>Mayle</u>, 125 S. Ct. at 2569-75.  Because Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to "specify all the grounds for relief available to the petitioner," and to "state the facts supporting each ground," each "separate congeries of facts supporting the grounds for relief" delineates a separate "occurrence" for purposes of Rule 15(c)(2) of the Federal Rules of Civil Procedure.  <u>See</u> <u>id</u>. at 2573.  Where "the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."  <u>See</u> <u>id</u>. at 2574.

### DISCUSSION

### A. Petitioner's New Claims Do Not Relate Back

Petitioner seeks to amend his petition to include claims that two assertedly erroneous jury instructions deprived him of his constitutional right to due process of law and to a fair trial.  (<u>See</u> Motion at 2.)  In particular, petitioner contends (1) the trial court erroneously shifted the burden of proof to him by instructing the jury that it could not consider convicting him of the lesser charge of voluntary manslaughter unless it determined

1  beyond a reasonable doubt that he was not guilty of murder; and (2) the trial court

2  erroneously instructed the jury that the lesser charge of voluntary manslaughter required

3  that the petitioner have an intent to kill.  (See id.)

4        Respondent argues that leave to amend should be denied because the new claims

5  petitioner seeks to add to his petition do not relate back to the date of his original petition

6  and thus are time-barred.

7        Petitioner asserts five claims in his current petition: (1) denial of his right to counsel

8  at a critical stage of the proceedings, specifically, by the trial court's releasing an

9  uncooperative witness on his own recognizance, outside the presence of defense counsel;

10  (2) denial of his Fifth Amendment right to confront and cross-examine witnesses against

11  him, specifically, by the trial court's admission of a witness's preliminary hearing testimony;

12  (3) ineffective assistance of counsel at trial, specifically, the failure of petitioner's attorney to

13  investigate and secure defense witnesses; (4) ineffective assistance of counsel at

14  petitioner's juvenile fitness hearing, specifically, counsel's failure to investigate and submit

15  mitigating evidence; and (5) ineffective assistance of counsel on appeal, specifically,

16  appellate counsel's failure to raise the above-referenced instances of ineffective assistance

17  of counsel who represented petitioner in the trial and juvenile courts.  (See Amended

18  Petition at 6-7; Traverse at 14. )

19        As none of petitioner's previously-asserted claims involves erroneous jury

20  instructions, petitioner's new claims, which are based on instructional error, do not share a

21  "common core of operative facts" with his previously asserted claims.  See Mayle, 125

22  S.Ct. at 2573 (noting Confrontation Clause claim based on admission of videotape

23  testimony of prosecution witness and Fifth Amendment claim based on admission of

24  coerced statements to police are based on "separate congeries of facts" and thus are

25  separate "occurrences" for purposes of Rule 15(c)(2)).

26        Accordingly, the new claims petitioner seeks leave to add to his petition do not relate

27  back to the filing date of his original petition, and, consequently, are time-barred pursuant to

28  28 U.S.C. § 2244(d).

1    **B.  A Stay Is Unwarranted**

2       Because petitioner's new claims are time-barred, a stay of the instant action to

3    permit petitioner to exhaust his new claims in state court is not warranted.  The Supreme

4    Court has held that a "district court would abuse its discretion if it were to grant [a habeas

5    petitioner] a stay when his unexhausted claims are plainly meritless."  See Rhines v.

6    Weber, 125 S. Ct. 1528, 1535 (2005).  Because petitioner's unexhausted claims are time-

7    barred, there is no basis for staying the instant action to allow petitioner to exhaust such

8    claims in state court.

9       **C.  Leave to Withdraw Previously-Asserted Claims**

10      Petitioner states that he wishes to amend his petition to delete unspecified claims

11   that he "believes will not succeed."  (See Motion at 2.)  Respondent has not opposed this

12   portion of petitioner's motion, and the Court perceives no reason why petitioner should not

13   be permitted to withdraw previously-asserted claims.

14                                     **CONCLUSION**

15      For the reasons set forth above:

16      1.  Petitioner's motion for leave to amend his petition to assert previously-

17   unexhausted claims, and to stay the instant action pending exhaustion of said claims in

18   state court, is hereby DENIED.

19      2.  Petitioner's request to delete unspecified claims is GRANTED.  No later than 30

20   days from the date of this order, petitioner shall, at his option, file either (1) an amended

21   petition, deleting the claims on which he no longer wishes to proceed, or (2) a notice of

22   withdrawal of the claims he no longer wishes to assert.  If petitioner chooses to file an

23   amended petition, no other amendment shall be made absent specific leave of court.

24      This order terminates Docket No. 82.

25      **IT IS SO ORDERED.**

26   Dated: February 27, 2006                     _Maxine M. Chesney_

                                                  MAXINE M. CHESNEY
27                                                United States District Judge

28

                                       5