IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNEL M. BAILEY, | ) | No. C 00-1865 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| | ) | |
| v. | ) | |
| | ) | |
| ANNE M. RAMIREZ, Warden, | ) | **(Docket No. 98)** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 24, 2000, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus, after which the Court dismissed the action as untimely and petitioner appealed. On remand from the Ninth Circuit, the Court, on June 17 2003, issued an Order to Show Cause, and, in accordance therewith, respondent filed an answer accompanied by a supporting memorandum and exhibits, and petitioner filed a traverse. Petitioner thereafter retained private counsel, who, on December 23, 2005, filed a motion to amend the petition. By order filed February 27, 2006, the Court denied the motion to the extent petitioner sought to plead additional claims and granted the motion to the extent petitioner sought leave to delete claims on which he no longer wished to proceed.[1] On April 20, 2006, the Court granted petitioner's request to remove his attorney as counsel of record. Now before the Court is petitioner's motion for appointment of counsel, filed May 30, 2006.

---

[1] As of this time, petitioner has not chosen to delete any claims.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." To date, petitioner's claims have been adequately presented in his petition, traverse, and state appellate court briefs. Those claims are under submission to the Court, and there are no further documents petitioner is required to file. If, after reviewing the papers submitted by the parties, the Court finds that counsel and/or an evidentiary hearing is necessary, the Court will issue an appropriate order sua sponte.

Accordingly, the request for appointment of counsel is hereby DENIED.

This order terminates Docket No. 98.

IT IS SO ORDERED.

DATED: June 13, 2006

_____
MAXINE M. CHESNEY
United States District Judge